IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DUANE MOORE,**

      **Petitioner,**

  v.                      **CIVIL ACTION NO. 2:10cv118**
                                **(Judge Bailey)**

**JOEL ZIEGLER, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 26, 2010, the petitioner, an inmate at FCI Morgantown, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on November 12, 2010. On November 29, 2010, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On January 25, 2011, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On January 27 2011, a Roseboro Notice was issued. To date, the petitioner has not filed a response.

### II. FACTS

On July 30, 2010, a cell phone was found in the cell shared by the petitioner and another inmate. After being questioned, the petitioner admitted that the phone belonged to him. That same day, staff wrote incident report number 2047514, alleging a violation of Code 108, "Possession of a Hazardous Tool." He was placed in the Special Housing Unit ("SHU") that same day. On July 31, 2010, the petitioner received a notice of the charges against him. The charges were then referred

to the FBI for criminal prosecution. At the time of the referral to the FBI, the BOP investigation into the incident was suspended.[1](Doc. 20-2, p.1). Because the FBI has decided to prosecute the petitioner for possession of the cell phone, he apparently remains in the SHU in administrative detention.

### III. CONTENTIONS OF THE PARTIES

The petitioner's contentions are sparse at best. However, given a liberal interpretation, it appears that the petitioner is challenging the decision to refer his case to the FBI. In addition, he appears to argue that he is being held in the SHU without the required hearings.

The respondent contends that the petition should be dismissed because the petitioner failed to exhaust his administrative remedies. In addition, the respondent argues that the petitioner's allegations regarding placement in the SHU without the required hearings is baseless and must be dismissed. Finally the respondent argues that referral to the FBI was appropriate and within the scope of 18 U.S.C. § 1791 (d)(1)(f).

### IV. Standard of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d

---

[1] Pursuant to 28 C.F.R. § 541.14(b)(1): "When it appears likely that the incident may be the subject of criminal prosecution, the investigating officer shall suspend the investigation...until the Federal Bureau of Investigation...interviews have been completed."

2

1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

## V. ANALYSIS

### a. Exhaustion of Administrative Remedies

The Bureau of Prisons provides a four-step administrative process beginning with attempted

4

informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

In this particular case, the petitioner filed his lawsuit on October 26, 2010. Two days later, on October 26, 2010, he filed Remedy ID Number 612875-F1, at the institutional level, claiming that he did not receive an administrative detention order, and complaining of delays and errors regarding an incident report and its referral to the FBI for investigation. On November 8, 2010, the administrative remedy was denied. On November 22, 2010, the petitioner filed an appeal with the Regional Office, remedy number 612875-R1. On January 19, 2011, his administrative appeal was denied, and the petitioner had thirty (30) days in which to file an appeal of this denial to the Central Office. (DOC. 20-1, P. 3) On January 14, 2011, the petitioner filed administrative remedy number 622571-F1 with the institution, asking to be released from the SHU and stating there should be no FBI review of his cell phone possession. This remedy was rejected by the institution on January 14, 2011. The petitioner has filed no remedies complaining of not receiving an SRO hearing. (Id.).

Based on this administrative remedy history, it is clear that the petitioner did not begin the administrative process until after he had filed his case. However, a prisoner may not file a case with the district court before exhausting his administrative remedies even if he exhausts those remedies

while the case is pending. See <u>Cannon v. Washington</u>, 418 F.3d 714, 719 (7th Cir. 2005).

The respondent properly concedes that to the extent that exhaustion has been applied to habeas corpus actions, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in a habeas corpus actions arising under § 2241 are merely judicially imposed , and accordingly, the court has the discretion to waive that requirement in certain circumstances. See <u>LaRue v. Adams</u>, 2006 WL 1674487 *8 (S.D.W.Va. June 12. 2006)(unpublished opinion)(recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that, although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exceptiion to the general exhaustion requirement in habeas corpus actions). The respondent then argues that in the instant case, the petitioner has presented no evidence that exhaustion of the administrative process would be an exercise in futility.

The undersigned has no fundamental disagreement with the respondent's argument. However, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**B. Merits of Petition**

In support of his Motion to Dismiss or, in the Alternative, for Summary Judgment, the respondent argues that the petitioner's allegations regarding placement in the SHU without the required hearing is baseless and must be dismissed. In addition, he argues that the petitioner's allegations that he should not be referred for prosecution based on his being in possession of a cell phone also must be dismissed.

Again, the undersigned has no fundamental disagreement with the arguments made by the respondent. However, upon closer review of the petition and response, the undersigned believes

6

that this matter should be dismissed because it does not raise issues appropriate for a habeas petition.

The Fourth Circuit has squarely addressed the proper application of both a petition for writ of habeas corpus and a civil rights action. To determine whether a claim is cognizable under habeas corpus or under a civil rights action, a court must review whether the challenge is to the fact or duration of the prisoner's confinement, or to the conditions of the prisoner's confinement. See Todd v. Baskerville, 712 F.2d 70, 73w (4th Cir. 1983). Habeas corpus is the vehicle for attack by a confined person to challenge the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Lee v. Winston, 717 F.2d 888, 892 (4th Cir. 1983). A civil rights cause of action is the mechanism to challenge the conditions of confinement. See Badea v. Cox, 931 F.2d 573 (9th Cir. 1991).

If a prisoner seeks a "quantum change" in his level of custody, such as freedom, his remedy is in habeas corpus. If a prisoner seeks a different program, location, or environment, his challenge is to the conditions of his confinement rather than the fact of his confinement and his remedy is under civil rights law. See Bunn v. Conley, 3w09 F.3d 1002, 1007 (7th Cir. 2002)(quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)); see also Pischke v. Litschder, 178 F.3d 497, 499-500 (7th Cir. 1999)(habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in a meaningful sense"); Preiser v. Rodriguez, 411 U.S. 475 (1973) (habeas corpus is not an available remedy for challenges to the conditions of a prisoner's confinement that are unrelated to the fact or duration of confinement); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983)(claim for violation of constitutional rights related to the conditions of confinement and not the fact or duration of confinement is a proceeding under § 1983).

In this case, the petitioner challenges the fact that his possession of a cell phone was referred

to the FBI for possible criminal charges. Clearly, that challenge has no bearing on the length or legality of his current incarceration. In addition, the petitioner challenges his detention in administrative segregation without the required hearing attendant to such detention. For relief, the petitioner seeks an order that the SRO hearing be held without further delay. However, such relief has nothing to do with the length or legality of his incarceration by the BOP. Clearly, the plaintiff is dissatisfied with his confinement in the SHU, where the conditions of confinement are more austere than in the general population. However, nothing in his petition raises a claim that would result in his immediate or speedier release from the custody of the BOP. Therefore, the petitioner's allegations should not be brought in a petition for a writ of habeas corpus, and the same should be dismissed.

## VI. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 19) be **Granted**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE** to his right to seek relief in a civil rights action should he so desire.[2]

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C.

---

[2]The undersigned emphasizes that in making this recommendation, he in no way is indicating his opinion on the merits of such an action.

8

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 16, 2011

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE